Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| LUNA RESIDENTIAL II LLC<br><br>Recurrida<br><br>v.<br><br>AIDA LUZ VÉLEZ RIVERA Y OTROS<br><br>Recurrente | KLAN202400401 | Apelación procedente del Tribunal de Primera Instancia, Sala de Humacao<br><br>Sobre: Cobro de Dinero – Ordinario, Ejecución de Hipoteca<br><br>Caso Núm.: HU2023CV00195 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Grana Martínez y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 29 de mayo de 2024.

El peticionario, Nelson Luis Sánchez Rodríguez, comparece ante nos para solicitarnos la revocación de la *Resolución* emitida por el Tribunal de Primera Instancia, Sala de Humacao, notificada el día 12 de marzo de 2024. Mediante la determinación, el foro primario declaró *No Ha Lugar* la solicitud promovida por el peticionario para dejar sin efecto una *Sentencia* en un pleito de cobro de dinero y ejecución de hipoteca, incoado por la aquí recurrida, Luna Residential II LLC.

Por los fundamentos que expondremos a continuación, se deniega la expedición del auto solicitado.

**I**

El 6 de febrero de 2023, la parte recurrida, Luna Residential II LLC, presentó demanda por cobro de dinero y ejecución de hipoteca contra el aquí peticionario y los codemandados Aida Luz Vélez Rivera, José Javier Camacho Fontánez y la Sociedad de Bienes Gananciales compuesta por estos. El peticionario fue incorporado a

la demanda por ser el titular registral de la propiedad inmueble ofrecida en garantía de pagaré. Mientras, los codemandados Aida Luz Vélez Rivera y José Javier Camacho Fontánez fueron demandados en calidad de deudores hipotecarios.

En la demanda, la recurrida sostuvo que era la portadora de un pagaré suscrito por la Sociedad Legal de Gananciales Camacho-Vélez, en la que se ofreció en garantía la propiedad de la que el peticionario es titular registral. Del expediente se desprende que la hipoteca se constituyó por la suma principal de $63,906.00 con un interés de 6.500%, más cargos por demora de un 4.000%. La recurrida afirmó que la parte codemandada dejó de realizar pagos desde el 1 de mayo de 2022, razón por la cual estos le adeudaban $31,294.85 del principal, más las costas, gastos e intereses.[1]

El 28 de febrero de 2023 fue emplazado el peticionario. El 13 de abril de ese mismo año, Luna Residential II LLC presentó una moción donde solicitó la anotación de rebeldía por falta de comparecencia y que se dictara sentencia.

El 3 de mayo de 2023, el Tribunal de Primera Instancia, Sala Superior de Humacao, refirió el caso al Centro de Mediación de Conflictos en Casos de Ejecución de Hipoteca. Sin embargo, el Centro de Mediación informó que el proceso de mediación se dio por culminado, dado a que la propiedad que garantiza la acreencia no es la propiedad principal de las partes en pleito.

Así las cosas, la recurrida Luna Residential II LLC, el 29 de agosto de 2023, presentó una moción en la que reiteró su solicitud de anotación de rebeldía y la emisión de una sentencia en rebeldía contra la parte demandada, incluyendo al aquí peticionario.

Al no obtener una respuesta del Tribunal, el 29 de septiembre del 2023, la recurrida presentó una segunda moción reiterando la

---

[1] Apéndice del Recurso de Apelación, págs. 2-5.

solicitud de anotación de rebeldía y de dictar sentencia.   Evaluada la solicitud, el Tribunal de Primera Instancia, declaró *Ha Lugar* la moción, y emitió *Sentencia en Rebeldía* contra las partes codemandadas.

Así las cosas, el 26 de octubre de 2023, el aquí peticionario, presentó una *Moción al Amparo de la Regla 49.2 de Procedimiento Civil.* En su escrito, el peticionario argumentó que la sentencia y las mociones de reiteración de anotación en rebeldía le tomaron por sorpresa, toda vez que se encontraban en comunicaciones extrajudiciales con la abogada de la parte demandada. Adujo que, por razón de las referidas comunicaciones es que no contestó la demanda, y así, a tenor con lo expuesto, solicitó se revierta la anotación en rebeldía y que se dejara sin efecto la *Sentencia.*

Ese mismo día, 26 de octubre, Luna Residential II LLC presentó *Oposición a Moción al Amparo de la Regla 49.2 de Procedimiento Civil.* Expuso, en primer lugar, que la anotación de rebeldía se efectuó meses después de culminado el término para contestar la demanda. Además, enfatizó que la parte peticionaria no presentó justa causa para establecer la razón por la que no contestó la demanda. Resaltó que el peticionario "tuvo plena oportunidad para ser oído y decidió con sus actuaciones renunciar a toda reclamación o defensa que ahora pretendía levantar".[2]

Evaluada la petición, el 12 de marzo de 2024 el Tribunal emitió la *Resolución* declarando *No Ha Lugar* la *Moción al Amparo de la Regla 49.2 de Procedimiento Civil.* Inconforme, el 17 de marzo del 2024, el señor Sánchez Rodríguez presentó una *Moción de Reconsideración,* la cual fue denegada el 18 de marzo de ese mismo año.

---

[2] Apéndice del Recurso de Apelación, pág. 45.

Aún en desacuerdo con lo resuelto, el peticionario presentó un recurso de apelación ante este foro el 22 de abril de 2024, el cual, con la aplicación correcta de las normas procesales, acogimos como uno de *certiorari* toda vez que se recurre un dictamen de una resolución post sentencia.

Luego de analizado el expediente que nos ocupa, y ante el beneficio de la comparecencia de las partes de epígrafe, procedemos a expresarnos.

**II**

**A**

Sabido es que el recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728 (2016); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012). Mediante la presentación de un recurso de *certiorari* se pretende la revisión de asuntos interlocutorios que han sido dispuestos por el foro de instancia en el transcurso y manejo del caso que atienden. Distinto al ejercicio de sus funciones respecto a un recurso de apelación, el tribunal al que se recurre mediante el vehículo procesal del recurso de *certiorari* tiene discreción para atender el asunto planteado, ya sea expedir el auto solicitado o denegarlo. *800 Ponce de León v. AIG,* supra; *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 593-594 (2011); *García v. Padró*, 165 DPR 324, 334 (2005).

La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional. Estos son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Ahora bien, la correcta consecución de la justicia necesariamente conlleva reconocer a los juzgadores de los foros primarios un amplio margen de deferencia respecto al ejercicio de sus facultades adjudicativas dentro del proceso que dirigen. De ordinario, el criterio judicial empleado en el manejo de un caso al emitir pronunciamientos de carácter interlocutorio está revestido de gran autoridad. De ahí la premisa normativa que califica la tramitación de los asuntos en el tribunal primario como una inherentemente discrecional del juez. Siendo así, y sin apartarse de los preceptos pertinentes al funcionamiento del sistema judicial, el adjudicador concernido está plenamente facultado para conducir el

proceso que atiende conforme le dicte su buen juicio y discernimiento, siempre al amparo del derecho aplicable. *In re Collazo I,* 159 DPR 141, 150 (2003). Cónsono con ello, sabido es que los tribunales apelativos no "deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción o en error manifiesto". *Citibank et al. v. ACBI et al.,* 200 DPR 724, 736 (2018).

**B**

Por su parte, en ocasión a que una parte estime que, incorrectamente, se ha emitido una sentencia en su contra que ya es final y firme, esta puede solicitar que se decrete su nulidad, ello en un pleito independiente, o que se suprima su oponibilidad, en la misma causa de acción, al amparo de lo establecido en la Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2. Dicha disposición establece el mecanismo procesal disponible para solicitar al foro de instancia el relevo de los efectos de una sentencia, orden o procedimiento, por las razones siguientes:

> (a) un error, inadvertencia, sorpresa o negligencia excusable;
>
> (b) descubrimiento de evidencia esencial que no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio;
>
> (c) fraude, falsa representación u otra conducta impropia de una parte adversa;
>
> (d) nulidad de sentencia;
>
> (e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin

efecto, o no sería equitativo que la sentencia continuara en vigor, o

(f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.

La norma estatuida en la Regla 49.2 de las de Procedimiento Civil, *supra*, tiene como fin establecer el justo balance entre dos principios de cardinal importancia en nuestro ordenamiento jurídico. Por un lado, se protege el interés de que los casos se resuelvan en los méritos haciendo justicia sustancial, y por el otro, el que los litigios lleguen a su finalidad. *HRS Erase v.* CMT, 205 DPR 689, 698 (2020). Por tanto, para que proceda el relevo de sentencia, según la referida Regla, es necesario que el peticionario aduzca, al menos, una de las razones enumeradas a tal fin. *Pérez Ríos et al. v. CPE,* 2023 TSPR 136, 213 DPR ___ (2023); *García Colón et al. v. Sucn. González,* 178 DPR 527, 540 (2010).

Ahora bien, relevar a una parte de los efectos de una sentencia, ello a tenor con los términos de la Regla 49.2, *supra*, es una determinación discrecional, salvo en los casos de nulidad o cuando la sentencia ha sido satisfecha. *Náter v. Ramos,* 162 DPR 616, 642 (2004). Siendo ello así, nuestra intervención con lo resuelto queda sujeto a que medie abuso de discreción por parte del tribunal primario.

**III**

Un examen del expediente de autos mueve nuestro criterio a no intervenir con lo resuelto por el Tribunal de Primera Instancia. Nada en los documentos sugiere que, en el ejercicio de sus facultades, el tribunal primario haya incurrido en error de derecho o en abuso de la discreción, de modo que no nos compete soslayar la norma de abstención judicial que, en dictámenes como el de autos, regula nuestras funciones.

A nuestro parecer, el pronunciamiento aquí recurrido obedece a una juiciosa y prudente gestión dirigida a procurar la más correcta consideración del asunto sometido a la consideración del tribunal primario. Así, ante la ausencia de condición alguna que legitime el ejercicio de nuestras facultades revisoras en la causa de epígrafe, concluimos no expedir el presente auto por no concurrir los criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*

**IV**

Por los fundamentos que anteceden, se deniega la expedición del recurso de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones